CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
MAY 22 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| EAST TENNESSEE NATURAL GAS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>21.85 ACRES IN TAZEWELL COUNTY, )<br>VIRGINIA, SOUTHERN REGION )<br>INDUSTRIAL REALTY, INC., ANKER )<br>VIRGINIA MINING COMPANY, INC. aka )<br>WHITE WOLF ENERGY, INC., BLUEFIELD )<br>TIMBER, LLC, POCAHONTAS LAND )<br>CORPORATION and UNKNOWN OWNERS )<br>)<br>Defendants ) | Civil Action No.<br>1:06-cv-00037 |

## ORDER

This case was referred pursuant to 28 U.S.C. § 636(b)(1)(B) to the Honorable Pamela Meade Sargent, United States Magistrate Judge. The Magistrate Judge has filed a report recommending that the Court bifurcate the proceedings regarding the plaintiff's right to condemn and motion for immediate possession from the just compensation proceedings, finding that the plaintiff has a right under the Natural Gas Act to condemn the property at issue and granting the plaintiff's motion for immediate possession in this case. Objections to the report and recommendation have been filed, and the court, upon *de novo* review of the record, is of the opinion that the report should be adopted with regard to the above-styled case in all aspects except with regard to the following.

The defendants have argued that the court should find that East Tennessee Natural Gas, LLC, ("ETNG"), is not likely to succeed on the merits of this case and is not likely to be allowed to condemn the property at issue. In particular, the defendants argue that ETNG provided false information to the Federal Energy Regulatory Commission, ("FERC"), in its application in that the February 8, 2006, Certificate of Public Convenience and Necessity, ("the Certificate"), recites: "No known underground mine works are located along or crossed by the proposed route." Certificate at 22. I agree with the finding of the Magistrate Judge that review of the entirety of the evidence before the court, however, shows that the FERC was well aware of prior mining activity in the area and that new mines were planned to be opened in the area.

Nevertheless, the evidence before the court, including the Environmental Assessment issued by the FERC, ("EA"), shows that ETNG, in seeking approval of the requested pipeline route, agreed to make certain accommodations to the owners of the mineral resources located on this property. In particular, the EA states:

> ...Because excavation of mineral resources from within the permanent pipeline [right-of-way] would not be permitted for safety reasons, East Tennessee is working with landowners and mining operators to avoid and minimize limitations on future development of these resources.
>
> Anker Mining ... is planning to commence construction of a coal mining operation that would be located between approximate MPs 0.5 and 3.8. Construction is expected to start in 2006, with partial operations beginning in 2007, and full operation in 2008. Norton Coal recently received approval to develop a 388-acre surface mine expansion approximately 2,000 feet west of MP 2.0.... East Tennessee would continue to work with these operators to avoid areas containing potentially exploitable mineral resources, or any areas of former

subsurface mining activities where shafts or cavities may be present.

(EA at 16.) For unknown reasons, ETNG apparently is now refusing to make such accommodations, in that it has not taken any steps to hold harmless the mineral rights owners should mining activity and the subsidence associated with mining activity underneath the route of the pipeline cause any damage to the pipeline itself or others. Instead, ETNG now insists that the construction and maintenance of this pipeline across this property will not affect the ability to mine the underground coal reserves.

Therefore, I hold that, under the standard for injunctive relief as set forth in *Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189, 193-96 (4th Cir. 1977), ETNG should be granted a right of immediate possession as to the right of way and easement sought across this property only if it makes a showing to the court that it has made appropriate accommodations which will allow for the future mining of the underground coal reserves on this property.

It is, accordingly,

## ADJUDGED and ORDERED

that the Magistrate Judge's report and recommendation be **ADOPTED** with regard to the above-styled case, except as noted above.

It is **FURTHER ORDERED** that ETNG will be granted a preliminary injunction against the above-named defendants allowing ETNG to take immediate possession and use of an easement and right-of-way "to construct, operate, and

maintain" the Jewell Ridge Lateral Pipeline Project and for the location of the "equipment necessary to the proper operation of such pipe line" as approved by the FERC Certificate and as specifically identified in the complaint and the attachments to the complaint filed in this case as soon as ETNG files proof to the court's satisfaction that it has made appropriate accommodations which will allow for the future mining of the underground coal reserves on this property.

The Clerk is directed to send certified copies of this Order to all counsel of record.

**ENTER:** This the 22nd day of May, 2006.

SENIOR UNITED STATES DISTRICT JUDGE